826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sandra SINGLETON; Daniel L. Singleton, Plaintiffs-Appellants,
v.
MANITOWOC COMPANY, INC., Defendant-Appellee.
 No. 87-2016
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1987.
Decided Aug. 14, 1987.
 
 Thomas S. Hood (Bertram M. Goldstein; Dean Kasian; Goldstein, Weltcheck & Associates, on brief), for appellants.
 Charles Frederick Obrecht, Jr. (William A. Hegarty, on brief), for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Daniel and Sandra Singleton (Singletons) brought suit against Manitowoc Company, Inc. (Manitowoc) seeking damages for personal injuries suffered by Daniel Singleton while operating a Manitowoc crane in Maryland. The district court dismissed the action finding an absence of the 'minimum contacts' necessary to justify the exercise of personal jurisdiction over Manitowoc in Maryland. We reverse.
 
 I.
 
 2
 Manitowoc is a Wisconsin corporation that manufactures, among other products, construction cranes and ice machines. The Singletons are residents of Maryland, where the tort occurred. The parties submitted affidavits and memoranda detailing the extent of Manitowoc's business in or related to the State of Maryland involving both cranes and ice machines.
 
 
 3
 It is obvious from a reading of the record and the order below that the trial judge disregarded much of the evidence that was submitted by the Singletons. The yellow pages of the Baltimore, Maryland telephone directory suggested significant contacts of Manitowoc's ice machine business in Maryland. A Standard & Poor's stock market report referring to independent distributors located 'throughout the U. S. and Canada' further demonstrated the expansive contacts of the business operated by Manitowoc. Both of these items were entitled to consideration. Fed. R. Evid. 803(17); Dotterweich v. Yamaha Int'l Corp., 416 F. Supp. 542, 548, n.8 (D. Minn. 1976) (judicial notice taken of yellow pages listing to show that defendant had ten dealers in the area); cf. United States v. Montreal Trust Co., 358 F.2d 239, 242 (2d Cir. 1966) (at hearing to determine jurisdiction, only a prima facie showing is required rather than proof sufficient to establish the claim), cert. denied, 384 U.S. 919 (1966).
 
 
 4
 Furthermore, affidavits submitted by the parties were not properly considered by the court. The affidavit of Frank Carter, a crane operator in Maryland, stated that on several occasions he operated a Manitowoc crane within the State of Maryland and that the use of such cranes is common in that state. An affidavit of Frank Stevens, Vice President, General Counsel and Secretary of Manitowoc, conceded that Manitowoc Equipment Works is a division of defendant corporation, that it manufactures ice systems, and that it sells its products to dealers and a distributor whose places of business are in the State of Maryland. The Singletons submitted an affidavit of Howard Kleinman, Corporate Secretary of Kleinman Brothers Incorporated Distributors in Baltimore, Maryland. The affidavit states that Kleinman Brothers is the licensed Baltimore area distributor for Manitowoc ice machines, that Kleinman Brothers purchases these machines directly from Manitowoc, that they have been doing so in excess of nine years, that Kleinman Brothers distributes Manitowoc ice machines in significant volume, and that Manitowoc's sales to Maryland distributors have exceeded one million dollars for each of the last two years. At oral argument, counsel for Manitowoc conceded that there would be no question of jurisdiction in Maryland if the accident had been caused by a Manitowoc ice machine.
 
 II.
 
 5
 The Maryland long-arm statute relied upon by the Singletons reads in pertinent part as follows:
 
 
 6
 (b) In general.--A court may exercise personal jurisdiction over a person, who directly or by an agent:
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State.
 
 
 11
 Md. [Cts. & Jud. Proc.] Code Ann. Sec. 6-103(b)(4) (1974, 1984 Repl. Vol.). The statute is intended to expand the exercise of personal jurisdiction to the limits allowed by due process. Camelback Ski Corp. v. Behning, 61 Md. App. 11, 484 A.2d 646; 307 Md. 270, 513 A.2d 874; vacated and remanded, 107 S. Ct. 1341 (1987) (remanded for further consideration in light of Asahi Metal Industry Co, Ltd. v. Superior Court of California, ---- U.S. ----, 94 L.Ed.2d 92 (1987)). The terms contained in the provision 'derive their meaning from and are coextensive with the principles of due process enunciated by the Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny.' Camelback Ski Corp., 484 A.2d at 650.
 
 
 12
 It is clear from the record that the Singletons satisfied their burden under the statute to establish that Manitowoc 'regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods . . . or manufactured products used or consumed in the State.' Manitowoc purposefully established minimum contacts in the forum state of Maryland. As such, it was not the foreseeability of whether injury would result from Manitowoc's ice machines or its construction cranes that was the benchmark of personal jurisdiction, but instead the foreseeability 'that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).
 
 
 13
 In summary we hold that the trial judge's findings of insufficient contacts were clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). We reverse as to those findings and conclude that contacts have been established which are sufficient to satisfy the Maryland statute, and that the lower court has personal jurisdiction over the parties to these proceedings.
 
 
 14
 REVERSED AND REMANDED.